Larry Don DOTSON, Appellant,

v.

The STATE of Texas, State.

Nos. 2–03–462–CR, 2–03–463–CR.

Court of Appeals of Texas,
Fort Worth.

March 23, 2006.

Denver G. McCarty, Dawn A. Moore, Denton, for appellant.

Bruce Isaacks, Crim. Dist. Atty., Kathleen A. Walsh, Michael Moore, Kristin Kidd, Asst. Crim. Dist. Attys., Matthew Paul, State Prosecuting Atty. Austin, for appellee.

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellant Larry Don Dotson appeals from the revocation of community supervision for two involuntary manslaughter convictions. Appellant brings thirteen points on appeal, arguing that the trial court erred by substituting the indictment upon revocation, improperly admitting certain State's exhibits over proper objection, improperly ordering the sentences to be served consecutively, and accepting an involuntary plea. We affirm the trial court's judgment in 2–03–462–CR, but, because we hold that the trial court improperly substituted the indictment in trial cause number F–94–0113–E, we reverse the trial

court's judgment in 2–03–463–CR, reverse the underlying conviction, and order the indictment in that case dismissed.

## BACKGROUND FACTS

In June of 1994, Appellant entered his pleas of guilty to the two indictments on file in the official records of the Denton County District Clerk. On June 9, 1994, the trial court found Appellant guilty of the two cases of involuntary manslaughter and sentenced him to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice in each case. The trial court suspended imposition of the two sentences and placed Appellant on community supervision for ten years in each case.

On March 13, 2003, the State filed a motion to revoke in each case. Because the indictments in the two cases were exactly the same, that is, each indictment named the same complainant, Appellant filed an application for writ of habeas corpus to set aside his conviction in one of the cases. In response, the State filed a motion to substitute a different document for the original indictment filed in cause number F–94–0113–E, cause number 2–03–463–CR on appeal. On August 15, 2003 and October 24, 2003, the trial court heard the motion and granted it; then the trial court denied relief on Appellant's application for writ of habeas corpus. Next, the trial court heard the motions to revoke and granted them. Appellant timely appealed.

## VOID CONVICTION

■ In his second and third points, Appellant contends that the trial court erred in substituting the original indictment in F–94–0113–E with a purported intended original indictment under article 21.25 of the Texas Code of Criminal Procedure, violating his rights under Article One, sections ten, fourteen, and nineteen, and Article Five, section twelve of the Texas Constitution and the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. The State argued that there was a clerical error in the indictment in cause number F–94–0113–E that named the same complainant as the indictment in cause number F–94–0112–E. The State sought to substitute a document from its file that purports to be the original indictment in cause number F–94–0113–E. The document in the State's file is an indictment that lists cause number F–94–0113–E, names Natalie Gale as the injured party, and is signed by the District Attorney and the grand jury foreman. It bears the clerk's file stamp of January 27, 1994, the same date as the indictment in the clerk's file in the same cause number that names Tracy Carlton as the injured party. The evidence from the revocation hearing reveals that the file of Appellant's trial counsel from his original plea hearing and the file of the Denton County probation department contain only the indictment naming Natalie Gale as the injured party in this case.

The trial judge stated that she was convinced from the testimony that Appellant's defense counsel at the time of the original plea knew that there were two different cases and "two different victims, and would never have pled the defendant to two cases charging the exact same crime. And [the trial judge] believe[d] that arguably the statute can cover this instance of a clerical error." The trial judge granted the State's motion to substitute in cause number F–94–0113–E.

The original indictment named "Tracy Carlton" as the injured party, just as the indictment in cause number F–94–0112–E. After the trial court granted the State's motion to substitute, the substituted indictment named "Natalie Gale" as the injured party. The State relied on article 21.25 of

the Texas Code of Criminal Procedure as authority for the substitution. Article 21.25 provides:

> When an indictment or information has been lost, mislaid, mutilated or obliterated, the district or county attorney may suggest the fact to the court; and the same shall be entered upon the minutes of the court. In such case, another indictment or information may be substituted, upon the written statement of such attorney that it is substantially the same as that which has been lost, mislaid, mutilated, or obliterated. Or another indictment may be presented, as in the first instance, and in such case, the period for the commencement of the prosecution shall be dated from the time of making such entry.[1]

Article 21.25 does not provide authority for the actions of the trial court in cause number 2–03–463–CR. The record does not reflect that the indictment was lost, mislaid, mutilated, or obliterated. The indictment was filed with the district clerk and remained in the district clerk's file. The record reflects that the grand jury returned an indictment naming Natalie Gale as the injured party, but Appellant did not plead to that indictment and that indictment was not in the file in cause number F–94–0113–E until after the trial court granted the State's motion to substitute, almost nine years after the plea.

■ In June 1994, Appellant was finally convicted of involuntary manslaughter of Tracy Carlton in two separate cases. At the revocation hearing in 2003, Appellant objected in the trial court to twice being revoked and sentenced for the same offense. Additionally, Appellant raises his double jeopardy complaint on appeal. Even if he had not raised the issue below, because of the fundamental nature of double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal or for the first time on collateral attack when the double jeopardy violation is clearly apparent on the face of the record, and when the enforcement of the usual rules of procedural default serves no legitimate state interests.[2]

In the case now before this court, the double jeopardy violation is clearly apparent on the face of the record, and to find procedural default serves no legitimate state interest. Further, Appellant did not raise the issue for the first time on appeal or in a collateral attack, and the trial court had the opportunity to take corrective action. Appellant has timely challenged the violation of the double jeopardy provisions of both state and federal constitutions.[3] We therefore hold that the conviction in cause number 2–03–463–CR is void. The State cannot breathe life into a void judgment by substituting a different indictment almost nine years after Appellant was convicted under the original indictment. We therefore sustain Appellant's second and third points, reverse the trial court's judgment in cause number 2–03–463–CR as well as the underlying conviction, and order the dismissal of the indictment as a violation of the double jeopardy protections of the state and federal constitutions. Because of our disposition of cause number 2–03–463–CR, we do not address the remaining points.[4]

1. Tex.Code Crim. Proc. Ann. art. 21.25 (Vernon 1989).

2. *Gonzalez v. State,* 8 S.W.3d 640, 643 (Tex. Crim.App.2000).

3. *See* U.S. Const. amend. V; Tex. Const. art. I, § 14; *see also* Tex.Code Crim. Proc. Ann. art. 1.10 (Vernon 2005).

4. *See* Tex.R.App. P. 47.1.

## CONCLUSION

Having sustained Appellant's second and third points, we affirm the trial court's judgment in cause number 2–03–462–CR, reverse the trial court's judgment in cause number 2–03–463–CR, reverse the underlying conviction, and order the dismissal of the indictment in that cause on double jeopardy grounds. We remand cause number 2–03–463–CR to the trial court for proceedings consistent with this opinion.